**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| ANTHONY ROBINSON, an individual, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. _____ |
| | § | |
| JIM SCHNEIDER d/b/a J&L BACKHOE | § | |
| SERVICES, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**INTRODUCTION**

1.      This is a representative action for unpaid wages and overtime brought pursuant to the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 216(b), and a claim(s) for retaliation.

**JURISDICTION**

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 201, et seq, 28 U.S.C. § 1331 and 1337, diversity jurisdiction and the doctrine of pendant jurisdiction.

**PARTIES**

3.      Plaintiff Anthony Robinson, is a resident of Canyon, Texas.  Plaintiffs, at times material, worked for Jim Schneider, d/b/a J&L Backhoe Services, ("J&L"), at its facility in Canyon, Randall County, Texas and surrounding job sites.  The plaintiff brings this action on behalf of himself and as representative of similarly situated workers who file consents to join in this action.

4.      Defendant Jim Schneider, d/b/a J&L Backhoe Services, ("J&L"), may be served by serving Jim Schneider, at 17000 FM 2186, Amarillo, Texas 79119, and is engaged in the

pulling of fiber optics cables and the related backhoe business or services for commerce in the State of Texas.

FACTS

5.      Plaintiff was employed by the Defendant at its facility in Canyon, Texas, from May 2015, and in some instance as to others before that time until on or about June 2015.  Jim Schneider is the individual who controls J&L Backhoe Services, and who controls the day to day operations and makes decisions about payroll matters and rates of pay concerning the employees of J&L Backhoe Services.  Defendant has misclassified the workers of J&L by claiming they are independent contractors and purporting to pay them a flat salary without withholding taxes, F.I.C.A. and the like unlawfully.  Defendant has refused to pay his employees their proper hourly rate, the proper amount of hours worked, the proper amount of overtime and they have mis-classified the employees by paying them as contract labor at a flat weekly rate no matter how many hours they actually work and requiring them to file an assumed name with the Randall County Clerk to falsely indicate they are independent contractors while directing all their work activities and requiring them to wear "J&L Backhoe" shirts while on the job.

6.      J&L Backhoe, by and through Jim Schneider, as well as its officers, agents, employees and representatives have combined, conspired and acted through a concert of action to avoid paying regular time and overtime to its hourly employees.  Defendants retaliated against and punished those employees who complained about such treatment. It is believed the plaintiffs, as well as others, including but not limited to the other non-exempt hourly workers, in the course of their employment with J&L and during existence of this continuing conspiracy, participated in the combination, concert of action and conspiracy, whichever, hereinafter alleged and are co-

conspirators to avoid compliance with the FLSA for which the defendants are jointly and severally liable.  The defendant advises all his employees he pays overtime on hours worked over 50 in one week rather than 40 hours.

7.      Despite their knowledge that time spent working off the clock or over 40 hours in one week is overtime and was and is compensable, the defendant improperly and erroneously classified his employees as independent contractors to avoid paying overtime and did not withhold taxes from their pay.

8.      During the time of Plaintiffs' employment, Defendant, J&L and Jim Schneider failed to pay Plaintiffs, and others similarly situated, their correct amount of pay at the regular rate and for all their overtime for hours of work they performed in excess of 40 hours per week as required by the Fair Labor Standards Act ("FLSA").  Jim Schneider regularly tells the employees that J&L only pays overtime for hours worked over 50 in one week.  The defendants fail to pay their proper wages and/or unlawfully alter their time records downward, deduct from their pay for repairs and parts or doesn't pay them at all for time worked.

9.      The failure to pay plaintiff and others similarly situated employees their lawful regular time for a full workweek and their overtime wages under the Fair Labor Standards Act including paying all overtime hours was and is exacerbated by the practice of Jim Schneider makes deductions from their pay for damage to equipment that he charges back to the workers, e.g., in taking all but $136.00 of plaintiffs final pay check..

10.     Similarly situated individuals working in the production of goods or services for commerce at the Defendant's facilities in Canyon, Texas, and Amarillo, Texas and on the surrounding job sites to which they were directed by defendants to perform work in the pulling and installing fiber optic cable under contract with AT&T while working for J&L who were

deprived of their lawful regular and overtime wages under the Fair Labor Standards Act in the same manner as Plaintiff.  This action is brought on behalf of those similarly situated workers.

11.     The Defendant's failure to pay Plaintiff and similarly situated workers their lawful wages required by the Fair Labor Standards Act was willful.  Despite their knowledge that time spent performing their daily activities for the benefit of Jim Schneider d/b/a J&L Backhoe Service, particularly those hours spent working over forty (40) hours per week, constituted work and is compensable time that Defendants failed and refused to pay overtime over 40 hours in one week and paid only a flat rate of $1,000.00 per week. The Defendant acting as J&L Backhoe Services, has threatened to fire and has fired employees in retaliation whenever an employee complained of the non-payment of proper overtime, non-payment of hours worked or deductions from their paycheck.  The foregoing activities performed by the workers are compensable time under the FLSA.  Defendant took no steps to compensate workers at each and all of its facilities or job sites for backhoe and fiber optic services, in the State of Texas for this time and, on information and belief, took no steps to compensate workers at its facilities for this time in violation of the law.  Furthermore, Defendant failed and refused to pay Plaintiff for drive time to and from the job site when going to the job site, or returning to the employers' shop at the end of the day and/or for Jim Schneider d/b/a J&L Backhoe in Canyon, Texas.

### REPRESENTATIVE ACTION

12.     Plaintiff brings this action on behalf of himself and all similarly situated employees of J&L Backhoe Services owned and controlled by Jim Schneider, as individuals and the officers, agents and representatives thereof.  Plaintiff requests that notice be issued to those employees informing them of their right to file consents to join in this action.

**CAUSES OF ACTION**

**COUNT I**
**FLSA**

Anthony Robinson, for his Count I of this Complaint, inclusive of the foregoing, alleges and states:

13.     Plaintiff and similarly situated workers are entitled to relief pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act for back wages, overtime, damages, reasonable attorneys fees and costs.

**COUNT II**
**Tort of Retaliation for Complaining About**
**Overtime and Working Conditions**

In addition to the foregoing and as Count II of this Complaint, Plaintiff realleges herein as though repeated in full each allegation contained in paragraphs 1 through 13, inclusive and, further, Plaintiff alleges and states:

14.     This Court has jurisdiction of Count II under Section 215(a)(3) of Title 29 U.S.C. and Section 1332 U.S.C. (28 U.S.C.A., Section 1332) and the principles of pendant jurisdiction. The matter in controversy may exceed the sum of $75,000.00, it is believed, exclusive of interest and cost.

15.     In 2015 and before Jim Schneider fired at least one or more workers for complaining about working conditions and the company's refusal to pay regular rates of pay for all hours worked including overtime and they have retaliated against others for doing the same.

16.     Jim Schneider regularly discriminate against employees by placing them in unfavorable positions at work as a means of punishment for complaining about unpaid overtime, docks their pay unlawfully and for complaining about having their paycheck reduced by Jim

Schneider for company repairs or expenses, among other working condition complaints.  The

defendants terminate or treat employees in an outrageous manner to quell complaints about

unpaid time and overtime, working conditions and regularly terminate the workers employment

when they have complained about their pay and working conditions.  These requirements reduce

their effective rate of pay when the company deducts the cost of company required or damaged

equipment or repairs.  This behavior by the Defendants constitutes outrageous conduct and

violates the FLSA.

17.     Plaintiff has been damaged as a result, both actual and punitive damages,

reasonable attorney fees and cost for which they herein sues.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court:

a.      Issue notice to all similarly situated employees of Jim Schneider d/b/a J&L
        Backhoe Services informing them of their right to file consents to join in this
        action;

b.      Declare that Plaintiff and similarly situated workers who file consents to join this
        suit are entitled to pay for all of their FLSA-defined hours of work, including all
        hours worked over 40 hours in one week, including driving to and from the job
        site in a company vehicle and back to the company's yard and for waiting when
        trucks and/or company equipment break down or for refusing to pay for all hours
        worked and for downward alterations to their paychecks by Jim Schneider.

c.      Awarding Plaintiff and similarly situated workers who file consents to join in this
        suit, their unpaid regular hourly wages for hours of work up to 40 hours per week
        and their unpaid overtime for all hours of work in excess of 40 hours per week, an
        equal amount of liquidated damages, attorneys fees and costs of suit and such
        other relief as this Court deems just and proper against all the defendants jointly
        and severally;

d.      Award Plaintiff and similarly situated workers who file consents damages and
        costs for retaliation and outrageous conduct;

e.    Damages and attorney fees for causes under pendant jurisdiction as pled; and

f.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF JERRY D. MCLAUGHLIN
Jerry D. McLaughlin, SBN 13743300
1200 S. Western, Suite 1000
Amarillo, Texas 79109
806-371-9110 - Telephone
806-373-9029 - Facsimile

- and -

LAW OFFICES OF PHILIP R. RUSS
2700 S. Western, Suite 1200
Amarillo, Texas 79109
(806) 358-9293 - Telephone
(806) 358-9296 - Facsimile

BY:  _/s/ Philip R. Russ_____
Philip R. Russ Bar No. 17406000

## JURY DEMAND

Plaintiff herewith demands a trial by jury.

®JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ANTHONY ROBINSON

## DEFENDANTS

JIM SCHNEIDER d/b/a J&L BACKHOE SERVICES

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Philip R. Russ, 2700 S. Western, Suite 1200, Amarillo TX 79109, 806-358-9293; Jerry McLaughlin, 2700 S. Western, Suite 1000, Amarillo, Texas 79109, 806-371-9110

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 216(b)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: (See instructions)

JUDGE

DOCKET NUMBER

DATE
06/11/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____